# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| BLANCA AYALA and JAIME AYALA, | |
| Plaintiffs, | Civil Action File No. |
| v. | JURY TRIAL DEMANDED |
| ADM TRUCKING, INC., and MATHEW L. VOELKER | |
| Defendants. | |

## COMPLAINT FOR DAMAGES

Come now Plaintiffs BLANCA AYALA and JAIME AYALA, by and through their counsel and file this Complaint for Damages against Defendants ADM TRUCKING, INC., and MATHEW L. VOELKER, showing this Honorable Court as follows:

## NATURE OF ACTION

1.

This is an action for personal injury damages arising out of a collision involving a tractor-trailer that occurred on December 3, 2016, in Jefferson City, Missouri.

2.

As a result of this collision, BLANCA AYALA suffered severe and personal injuries.

-1-

## PARTIES, JURISDICTION, AND VENUE

3.

At all times relevant to this litigation, Plaintiff BLANCA AYALA ("Mrs. Ayala") has been a citizen of the State of Missouri, residing in Jefferson City, Cole County, Missouri.

4.

At all times relevant to this litigation, Plaintiff JAIME AYALA ("Mr. Ayala") has been a citizen of the State of Missouri, residing in Jefferson City, Cole County, Missouri.

5.

At all times relevant to this litigation, Defendant MATHEW L. VOELKER ("Defendant VOELKER") has been a citizen of the State of Illinois, residing in Decatur, Macon County, Illinois.

6.

At all times relevant to this litigation, Defendant ADM Trucking, Inc. ("Defendant ADM"), is a foreign company organized under the laws of the State of Illinois with its principal place of business located at 2501 N BRUSH COLLEGE RD., DECATUR IL 62526. Therefore, Defendant ADM is a citizen of Illinois. Defendant ADM may be served with legal process by serving its registered agent for

service: C T CORPORATION SYSTEM, 208 SO LASALLE ST, SUITE 814, CHICAGO, IL 60604.

7.

At all relevant times, Defendant ADM was and is engaged in business as an interstate motor carrier transporting goods for compensation and does business in Missouri, including in and through the Western District of Missouri.

8.

Defendant VOELKER was the driver of the moving truck involved in the subject collision that occurred in Missouri. His address is 3820 N TAYLOR AVE, DECATUR, IL 62526-9307. Therefore, he is a citizen of Illinois. Defendant VOELKER may be served with legal process at his address. Once served, Defendant VOELKER is subject to the jurisdiction and venue of this Court.

9.

This Court has subject matter jurisdiction over the claims asserted in this Complaint.

10.

The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

11.

There is complete diversity among the parties and Plaintiffs do not reside in the same state as any Defendant.

-3-

Case 2:20-cv-04134-NKL   Document 1   Filed 07/29/20   Page 3 of 17

12.

Defendants are subject to the jurisdiction and venue of this Court pursuant to 28 U.S.C § 1332, 28 USC § 1391(b) and other applicable law.

## **FACTS**

13.

On December 3, 2016, at approximately 10:26 a.m., MRS. AYALA was driving a 2002 Honda Civic in Jefferson City, Missouri, eastbound on Industrial Drive towards the intersection of Jaycee Drive.

14.

On December 3, 2016, at approximately 10:26 a.m., Defendant VOELKER was driving a 2015 Mack Truck northbound on Jaycee Drive towards the intersection with Industrial Drive.

15.

Defendant VOELKER was operating a Truck owned by Defendant ADM.

16.

The Truck being operated by Defendant VOELKER was a commercial motor vehicle as defined under the Federal Motor Carrier Safety Regulations.

17.

On December 3, 2016, at approximately 10:26 a.m., MRS. AYALA approached the intersection of Industrial Drive and Jaycee Drive and had a green light to proceed through the intersection.

18.

As MRS. AYALA proceeded through the intersection, Defendant VOELKER drove the Mack Truck through a red light and crashed into the vehicle being driven BY MRS. AYALA.

19.

There was nothing MRS. AYALA could have or should have done under the circumstances to avoid or minimize the collision.

20.

As a direct and proximate result of the collision by Defendant VOELKER, MRS. AYALA suffered severe and extremely painful personal injuries.

**LIABILITY OF DEFENDANTS**

**COUNTS ONE and TWO**
**(Voelker's Negligence and Negligence *Per Se*)**

21.

Plaintiffs incorporate herein by reference the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

22.

At all times material hereto, Defendant VOELKER was a professional driver with a commercial driver's license.

23.

At all times material hereto, Defendant VOELKER was driving a non-exempt commercial motor vehicle in interstate commerce.

24.

At all times material to this action, Defendant VOELKER had a legal duty to adhere to Missouri traffic laws.

25.

At all times material to this action, Defendant VOELKER had a legal duty to adhere to Missouri trucking safety regulations.

26.

At all times material to this action, Defendant VOELKER had a legal duty to adhere to the Federal Motor Carrier Safety Regulations.

27.

At all times material to this action, Defendant VOELKER had a legal duty to adhere to trucking industry standards.

28.

At all times material to this action, Defendant VOELKER had a duty to operate his commercial vehicle in a safe and prudent manner.

29.

At all times material to this action, Defendant VOELKER had a duty to act in accordance with his training as a professional commercial motor vehicle driver and so as not to endanger the lives and welfare of MRS. AYALA and the motoring public. This duty included keeping a proper lookout, paying attention, keeping a safe distance from vehicles in front of him, and operating his commercial vehicle at a reasonable and prudent speed in accordance with the conditions of the roadway, traffic, visibility and all traffic laws and regulations.

30.

Defendant VOELKER breached his duties and was negligent in the operation of the tractor-trailer he was driving in at least the following ways:

(a) Failing to yield;

(b) Failing to obey traffic control devices;

(c) Failing to keep a proper lookout for vehicles and traffic ahead;

(d) Failing to perform a proper visual search;

(e) Failing to properly manage his space;

(f) Failing to use proper hazard perception techniques;

(g) Failing to timely perceive and properly react to avoid MRS. AYALA's vehicle;

(h) Failing to drive at a safe and reasonable speed under the conditions;

(i) Failing to drive defensively;

(j) Operating a motor vehicle while distracted;

(k) Operating a motor vehicle while fatigued;

(l) Failing to operate the vehicle in a safe and prudent manner, thereby placing the lives and well-being of the public in general, and MRS. AYALA in particular, in grave danger;

(m) Failing to adhere to safe driving principles expected of commercial drivers;

(n) Failing to operate the truck in accordance with generally accepted safety principles for commercial drivers and/or the commercial motor vehicle industry;

(o) Failing to operate the truck in a safe and prudent manner in view of the conditions that existed at the time of the subject collision;

(p) Violating Missouri Laws 304.281 and any other violations, each of which constitute negligence *per se*;

(q) Violating Federal Motor Vehicle Safety Regulations;

(r) Otherwise failing to act reasonably and prudently as the driver of a commercial motor vehicle the circumstances; and

(s) Such other specifications of negligence that shall be added by amendment or proven at trial.

31.

As a direct and proximate result of the negligence and negligence *per se* of Defendant VOELKER, MRS. AYALA sustained personal injuries, endured severe pain and suffering, and ultimately died prematurely.

32.

By virtue of his negligence, Defendant VOELKER is liable to MRS. AYALA for all economic and non-economic damages allowed by law that were proximately caused by the negligence of Defendant VOELKER, including without limitation damages for property damage, medical bills, lost wages, and pain and suffering.

## COUNT THREE
### (*Respondeat Superior* Against ADM)

33.

Plaintiffs incorporate herein by reference the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

34.

At all times material hereto, Defendant VOELKER was an employee or agent of Defendant ADM.

35.

At all times material hereto, Defendant VOELKER was acting within the course and scope of his employment or agency with Defendant ADM.

36.

At all times material hereto, Defendant VOELKER was operating a commercial vehicle owned (or exclusively controlled) by Defendant ADM.

37.

At all times material hereto, Defendant VOELKER was operating a commercial vehicle with the permission of Defendant ADM.

38.

At all times material hereto, Defendant VOELKER was operating a commercial vehicle in furtherance of the business and financial interests of Defendant ADM.

39.

Defendant ADM is liable for the negligent actions and omissions of Defendant VOELKER pursuant to the doctrine of *respondeat superior* and the rules of agency.

40.

Defendant ADM is liable to Plaintiffs for all damages sustained as a direct and proximate result of the negligence of Defendant VOELKER.

41.

Defendant ADM is liable to MRS. AYALA for all economic and non-economic damages allowed by law that were proximately caused by the negligence of Defendant VOELKER, including without limitation damages for property damage, medical bills, lost wages, and pain and suffering.

## COUNT FOUR
### (Negligence of ADM)

42.

Plaintiffs incorporate all previous paragraphs of this Complaint as if each were fully set forth herein in their entirety.

43.

At all relevant times, Defendant ADM was a motor carrier as defined by the Federal Motor Carrier Safety Regulations.

44.

At all relevant times, Defendant ADM was a motor carrier as defined by Missouri law.

45.

At all relevant times, Defendant ADM had a legal duty to comply with the Federal Motor Carrier Safety Regulations.

46.

At all relevant times, Defendant ADM had a legal duty to comply with Missouri's trucking safety regulations.

47.

At all relevant times, Defendant ADM had a legal duty to comply with all trucking industry standards and practices.

48.

As an employer and Motor Carrier, Defendant ADM had certain duties, some imposed by regulations and others by industry standards and practices, in connection with the hiring, qualifying, training, entrusting, supervising and retaining Defendant VOELKER.

49.

Defendant ADM breached the aforementioned duties and was negligent in connection with hiring, qualifying, training, entrusting, supervising and retaining Defendant VOELKER.

50.

As a direct and proximate result of Defendant ADM'S negligence, MRS. AYALA suffered catastrophic personal injuries that resulted severe pain and suffering.

51.

Defendant ADM is liable for all damages allowed by law for the injuries, damages and losses sustained by Plaintiffs in this case.

52.

Defendant ADM is liable to MRS. AYALA for all economic and non-economic damages allowed by law that were proximately caused by its negligence, including without limitation damages for property damage, medical bills, lost wages, and pain and suffering.

## COUNT SEVEN
### (Punitive Damages against Defendants VOELKER and ADM)

53.

Plaintiffs incorporate all previous paragraphs of this Complaint as if each were fully set forth herein in their entirety.

54.

Defendants VOELKER and/or ADM have been guilty of conduct that was outrageous, and demonstrated a complete indifference to or conscious disregard for the safety of MRS. AYALA and others.

55.

Defendants' misconduct is so aggravating it authorizes, warrants, and demands the imposition of substantial punitive damages.

## DAMAGES

56.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

57.

Missouri law applies to this action and controls the damages and losses sustained in the collision described above.

58.

Each of the Defendants acted in a manner which either alone, or combined and concurring with the actions of the other Defendants' acts of negligence, directly and proximately caused the incident described above and resulting serious injuries to MRS. AYALA.

59.

As a direct and proximate result of the above-described negligence of Defendants, MRS. AYALA injuries include, but are not limited to the following:

        a. Injury to her neck and back;

        b. Herniated disc; and

        c. Leg pain;

        d. Psychological injury;

        e. Past and future economic damages;

  f. Past and future non-economic damages;

  g. Past and future expenses for health care goods and services, the nature and extent of which is not presently known, and other damages, the nature and extent of which are not presently known.

60.

At all times relevant to this litigation, Blanca Ayala and Jaime Ayala have been husband and wife.

61.

As a direct and proximate result of the above-described negligence of Defendants which caused the injuries to MRS. AYALA described above, MR. AYALA has been deprived of the services of his wife, and has suffered a loss of consortium, including but not limited to a past, present and future impairment or diminishment in the services, society, affection, care, comfort, companionship and conjugal rights of his wife.

62.

Defendants' negligence is the sole and proximate cause of the injuries, damages and losses set forth above.

63.

Defendants are liable to Plaintiffs for all of the injuries, damages and losses set forth herein.

# **PRAYER FOR RELIEF**

64.

WHEREFORE Plaintiffs pray for the following relief:

(a) A trial by jury on all issues in this case;

(b) That summons issue requiring the Defendants to appear as provided by law to answer this Complaint;

(c) That judgment be entered in favor of Plaintiffs and against Defendants;

(d) That Plaintiffs have and recover all damages for all losses compensable under Missouri law as set forth above;

(e) For Plaintiffs to be awarded their special damages including past medical expenses in an amount to be shown by the evidence at trial;

(f) For Plaintiffs to be awarded their general damages in an amount to be determined by the enlightened conscience of an impartial jury at trial;

(g) That all attorneys' fees, expenses, and costs be cast against the Defendants;

(h) That service be had on the Defendants as provided by law;

(i) That the Court award punitive damages against Defendants;

(j) That all expenses of litigation, including attorney's fees, be cast against the Defendants; and

(k) For such other and further relief as the Court deems just and proper.

This 29th day of July, 2020.

                    **SMITH MOHLMAN INJURY LAW LLC**

                    By: *Michael P. Waddell*
                        **MICHAEL P. WADDELL**
                        MO Bar No. 41592
                        *Attorney for Plaintiffs*

701 E. 63rd Street, 3rd Floor
Kansas City, MO 64110
(816) 866-7711 (office)
(816) 866-7715 (fax)
mwaddell@accidentlawkc.com

                    **FRIED GOLDBERG LLC**

                    By: *Briant G. Mildenhall*
                        **BRIANT G. MILDENHALL**
                        Georgia Bar No. 790507
                        *Attorney for Plaintiff*
                        *Application for Pro Hac Vice Pending*

3550 Lenox Road, N.E., Suite 1500
Atlanta, Georgia 30326-4302
(404) 591-1800 (office)
(404) 591-1801 (fax)
bmildenhall@friedgoldberg.com